IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CITIGROUP, INC. AND CITIBANK, N.A., §
§
Plaintiffs, §
§
v. § CIVIL ACTION NO. 05 CV 7780
§
DATATREASURY CORPORATION, §
§
Defendant. §

## DECLARATORY JUDGMENT COMPLAINT

Plaintiffs Citigroup, Inc. and Citibank, N.A. (collectively "Citigroup"), for their Complaint against defendant DataTreasury Corporation ("DataTreasury"), allege as follows:

### THE PARTIES

1. Citigroup, Inc., is a Delaware corporation having a principal place of business at 399 Park Avenue, New York, New York 10043. Citibank, N.A. is a banking subsidiary of Citigroup.

2. Defendant DataTreasury is a Delaware corporation having its principal place of business at 175 Pinelawn Drive, Melville, New York 11747.

### JURISDICTION

3. This is an action for declaratory relief brought under the Federal Declaratory Judgment Act, Title 28, United States Code, §§ 2201 and 2202, relating to the infringement of United States Patent Nos. 5,910,988 and 6,032,137. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 and under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

4. This Court has personal jurisdiction over DataTreasury is a citizen of this state and has committed acts within this judicial district giving rise to this action and has established minimum contacts with the forum such that the exercise of jurisdiction over the DataTreasury would not offend traditional notions of fair play and substantial justice.

## VENUE

5. DataTreasury has committed acts within this judicial district that give rise to this action and does business in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I
## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,910,988

6. To the extent not inconsistent, Citigroup incorporates by reference paragraphs 1-5, and pleads the same as if set forth herein at length.

7. U.S. Patent No. 5,910,988 ("the '988 Patent") was issued by the U.S. Patent and Trademark Office on June 8, 1999. DataTreasury claims to own all rights in and to the '988 Patent.

8. DataTreasury has asserted that Citigroup infringes the '988 Patent.

9. An actual controversy exists between Citigroup and DataTreasury regarding the infringement and invalidity of the '988 Patent.

10. Citigroup has not directly infringed, contributed to the infringement of, or induced infringement of any valid, enforceable claim of the '988 Patent, nor is it directly

infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of the '988 Patent.

11. The '988 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and 112 thereof.

## COUNT II
## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,032,137

12. To the extent not inconsistent, Citigroup incorporates by reference paragraphs 1-11, and pleads the same as if set forth herein at length.

13. U.S. Patent No. 6,032,137 ("the '137 Patent") was issued by the U.S. Patent and Trademark Office on February 29, 2000. DataTreasury claims to own all rights in and to the '137 Patent.

14. DataTreasury has asserted that Citigroup infringes the '137 Patent.

15. An actual controversy exists between Citigroup and DataTreasury regarding the infringement and invalidity of the '137 Patent.

16. Citigroup has not directly infringed, contributed to the infringement of, or induced infringement of any valid, enforceable claim of the '137 Patent, nor is it directly infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of the '137 Patent.

17. The '137 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and 112 thereof.

## PRAYER FOR RELIEF

WHEREFORE, Citigroup respectfully requests a judgment against DataTreasury as follows:

   A.   that this Court enter a declaratory judgment that Citigroup does not infringe the '988 Patent;

   B.   that this Court enter a declaratory judgment that the '988 Patent is invalid;

   C.   that this Court enter a declaratory judgment that Citigroup does not infringe the '137 Patent;

   D.   that this Court enter a declaratory judgment that the '137 Patent is invalid;

   E.   that this Court declare this an exceptional case and award Citigroup its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other possible statutes, rules and common law; and

   F.   that this Court award Citigroup any and all other relief to which it may be entitled, or which this Court deems proper and just.

Respectfully submitted this 2nd day of September, 2005.

By: _____
Daniel M. Gantt
Attorney Bar Code #DG 5758
dmgantt@fulbright.com
Kathryn Keneally
Attorney Bar Code #KK 0023
kkeneally@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103-3198
Telephone: (212) 318-3000
Facsimile: (212) 318-3400

COUNSEL FOR PLAINTIFFS
CITIGROUP, INC. and CITIBANK, N.A.

OF COUNSEL:

Robert M. Chiaviello, Jr.
Texas Bar No. 04190720
bobc@fulbright.com
Brett C. Govett
Texas Bar No. 08235900
bgovett@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

25572.955.1