

# DREIER LLP
ATTORNEYS AT LAW



499 PARK AVENUE
NEW YORK, NEW YORK 10022
TEL: (212) 328-6100
FACSIMILE: (212) 328-6101

MARC S. DREIER
DIRECT DIAL: (212) 328-6111
MDREIER@DREIERLLP.COM

September 21, 2005

**BY HAND DELIVERY** /9/22/05

The Honorable Victor Marrero
United States District Court Judge
Southern District of New York
40 Centre Street, Room 414
New York, New York 10007



Re:   <u>Citigroup, Inc. and Citibank, N.A. v. DataTreasury Corporation (05 CV 7780)</u>

Dear Judge Marrero:

    We represent the defendant DataTreasury Corporation ("DataTreasury"). Although DataTreasury has not yet been served in this matter, and Citigroup has not contacted us to request a waiver of service, we are writing, without waiving any defenses, to request a pre-motion conference with the Court to address the prospect of a motion to stay, transfer and/or dismiss in light of the fact that a prior action between the same parties raising the very same claims has already been filed in the Eastern District of Texas.

    In the action before this Court, filed on September 2, 2005, Citigroup seeks a declaration of invalidity and non-infringement as to certain patents held by DataTreasury. As such, this action is the mirror image of the lawsuit for patent infringement filed against Citigroup by DataTreasury in the Eastern District of Texas, on June 28, 2005 (the "Texas action"). That case is but one part of a tapestry of related cases in the Eastern District of Texas over which District Judge David Folsom has been presiding for the past three years, including nine other such on-going lawsuits brought by DataTreasury involving the same patents-in-suit. Various other related lawsuits have already been settled, including cases against J.P. Morgan Chase and Bank One, in which consent judgments have been entered with a finding of validity and infringement by J.P. Morgan Chase and Bank One. A copy of these judgments are appended herewith for the Court's review.

    In the Texas action, Citigroup has twice asked for extra time to answer or otherwise respond, and DataTreasury has twice agreed. In neither instance did Citigroup inform

{00131609.RTF;}

DataTreasury that it was going to file or already had filed a mirror-image declaratory judgment action here in New York.

Today, DataTreasury has filed a motion in the Texas action seeking from Judge Folsom an injunction precluding Citigroup from going forward with the action it has filed here. A copy of that motion is appended herewith for the Court's review.

Briefly, DataTreasury has asked for this relief from Judge Folsom, because Citigroup's claim for declaratory relief here that it does not infringe on the patents which are the subject of the Texas litigation and that those patents are invalid constitute compulsory counterclaims, which, by law, Citigroup is obligated to litigate in the earlier-filed Texas suit or forego altogether. *See, e.g.*, Fed. R. Civ. P. 13(a), *Critical-Vac Filtration Corp. v. Minuteman Intn'l, Inc.*, 233 F.3d 697, 700 (2ᵈ Cir. 2000), *cert. denied* 532 U.S. 1019 (2001); *Thermal Dynamics Corp. v. Union Carbide Corp.*, 214 F. Supp. 773, 775 (S.D.N.Y. Feb. 7, 1963)(Levet, J.) ("[c]learly, a decision on the validity or infringement of the patent in one [lawsuit] would dete ⋯ that i ue in the other [case]"); *Deering Milliken, Inc. v. Koratron Co., Inc.*, 293 ⋯ (S.D.N.Y. Dec. 6, 1968)(Herlands, J.)(claim of patent invalidity must be raised ⋯ counterclaim to a suit for patent infringement, rather than in a separate second ⋯ ed in ⋯ other court); *J. Lyons & Co Ltd. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 490 (S.D.N.Y. Apr. 12, 1995)(Scheindlin, J.)(same holding); *Alden Corp. v. Eazypower Corp.*, 294 F.Supp. 2d 233, 236 (D. Conn. Dec. 5, 2003)(Hall, J).

⋯ in our motion for injunctive relief before Judge Folsom we rely on the "first-filed ⋯ much as the first-filed Texas litigation will resolve (just as it has been resolved in the companion cases in Texas) the validity of DataTreasury's patents and the infringement of these patents by the defendants — the only issues presented by Citigroup in the after-filed action here in New York.

DataTreasury has made this motion before Judge Folsom, because the law is clear in both the Second Circuit and the Fifth Circuit that the issue of which action should go forward should be decided, in the first instance, by the judge presiding over the first-filed suit. As Southern District Judge Keenan has observed, "the courts of this District, guided by Second Circuit case law, have adopted a bright-line rule that the court in which the first action was filed has the right and responsibility to determine whether the first filed rule or an exception thereto applies." *Pem America, Inc. v. Lambert*, 2003 U.S. Dist. LEXIS 18511, *6-8 (S.D.N.Y. Oc. 17, 2003)(Keenan, J.); *accord Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 556 (S.D.N.Y. 2000)(Sweet, J.); *MSK Ins., Ltd. v. Employers Reinsur. Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002)(Buchwald, J.); *Schnabel v. Ramsey Qualitative Systems, Inc.*, 322 F. Supp. 2d 505, 510-11 (S.D.N.Y. Jun. 29, 2004)(Peck, Chief Mag. J); *Nat'l Union Fire Ins. Co. v. Liberty Mutual Fire Insur. Co.*, 2005 U.S. Dist. LEXIS 19778 (S.D.N.Y. Sept. 7)(Cote, J.); *Reliance Insur. Co. v. Six-Star, Inc.*, 155 F.Supp. 2d 49, 54 (S.D.N.Y. Aug. 13, 2001)(Swain, J.).

{00131609.RTF;}

      For the foregoing reasons, DataTreasury requests a pre-motion conference with the Court to address the issue of the priority of the Texas action.

                                                Respectfully,

                                                Marc S. Dreier

cc: Daniel M. Gantt, Esq.

---

**SO ORDERED:**

Plaintiffs are directed to respond by 9-29-05 by letter not to exceed 3 pages to the matters set forth by defendants herein, showing cause why this case should not be transferred to the Eastern District of Texas, or stayed pending the motion for injunction pending there.

9-26-05   VICTOR MARRERO, U.S.D.J.

---

{00131609.RTF;}